## IN RE: DARVOCET, DARVON AND PROPOXYPHENE PRODUCTS LIABILITY LITIGATION.

### No. MDL 2226.

United States Judicial Panel on Multidistrict Litigation.

April 11, 2011.

Before JOHN G. HEYBURN II, Chairman, KATHRYN H. VRATIL, DAVID R. HANSEN, W. ROYAL FURGESON, JR. FRANK C. DAMRELL, JR., BARBARA S. JONES and PAUL J. BARBADORO, Judges of the Panel.

### ORDER DEFERRING DECISION

JOHN G. HEYBURN II, Chairman.

**Before the Panel**: The Eastern District of New York plaintiff moves to centralize, pursuant to 28 U.S.C. § 1407, the four actions listed on Schedule A and any later-filed related actions in the Eastern District of New York. Plaintiff in a Western District of Tennessee related action supports the motion. All other responding plaintiffs agree that centralization is appropriate, but suggest alternative transferee dis-

tricts, including the Northern District of Illinois, Eastern District of Louisiana, the Western District of Louisiana, and the Southern District of Ohio. Defendants Xanodyne Pharmaceuticals, Inc. (Xanodyne) and Eli Lilly & Co. (Eli Lilly) oppose centralization. If the Panel orders centralization over their objections, defendants suggest centralization in the Eastern District of Kentucky.

On the basis of the papers filed and hearing session held, the Panel has decided to defer its decision on this Section 1407 motion pending further argument at the July 2011 Panel hearing session. Moving and responding plaintiffs and defendants have made persuasive arguments for and against centralization. Since this Section 1407 motion was filed on December 15, 2010,[1] less than two weeks after the first case commenced, this litigation has grown from four actions involving one defendant to encompass eighteen currently known actions involving more than a dozen different defendants.[2] Consideration of this Section 1407 motion so soon after a handful of actions were filed, where the contours of the litigation are in flux, leaves the Panel with less than ideal information to make the best possible decision. For example, most of the known parties in this litigation, including ten of the thirteen defendants, have not had an opportunity to express their views on the merits of Section 1407 centralization. This is a poten-tially complex case. Our desire to make the most informed possible decision counsels further deliberation.

With these considerations in mind, the Panel will issue a show cause order setting forth an additional briefing schedule, and further argument for our July 2011 Panel hearing session. While deferring our ruling does delay the Panel's decision-making process, in the interim, these cases can proceed in the transferor courts. *See* Panel Rule 2.1(d). In the longer term, this continuation will assure that all parties have an opportunity to be heard, enhance our decision-making process, and should not prejudice the benefits of centralization, if that is our ultimate judgment.

IT IS THEREFORE ORDERED that the Panel's decision on this Section 1407 motion is deferred pending rehearing at the Panel's July 2011 hearing session.

### SCHEDULE A

MDL No. 2226 — **IN RE: DARVOCET, DARVON AND PROPOXYPHENE PRODUCTS LIABILITY LITIGATION**

*Eastern District of Louisiana*
*Linda Gallagher v. Xanodyne Pharmaceuticals, Inc.*, C.A. No. 2:10–04455

*Western District of Louisiana*
*Gloria Babineaux v. Xanodyne Pharmaceuticals, Inc.*, C.A. No. 6:10–01836

---

**1.** The Eastern District of New York *Esposito* plaintiff's Section 1407 motion encompasses two actions pending in the Western District of Louisiana, and one action each in the Eastern District of Louisiana and the Eastern District of New York, as listed on Schedule A. These actions were filed between December 3, 2010, and December 14, 2010. Initially, Xanodyne was the sole defendant in these four actions. On March 25, 2011, the *Esposito* plaintiff amended her complaint to add as defendants Eli Lilly and Teva Pharmaceuticals USA, Inc. (Teva).

**2.** The parties have notified the Panel of an additional fourteen potentially related actions pending in nine districts as follows: the Middle District of Florida, the Northern District of Illinois, the District of Maryland, the Northern District of Mississippi, the Southern District of Mississippi, the Southern District of Ohio, the Western District of Oklahoma, the Eastern District of Pennsylvania and the Western District of Tennessee. These fourteen actions are brought by a total of 23 plaintiffs and name ten other pharmaceutical manufacturing or distributor defendants, in addition to Xanodyne, Eli Lilly and Teva.

*Rosemary Derryberry v. Xanodyne Pharmaceuticals, Inc.,* C.A. No. 6:10–01841

*Eastern District of New York*
*Kristine Esposito v. Xanodyne Pharmaceuticals, Inc.,* C.A. No. 1:10–05737